UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MURRAY ADONUS HAWKINS,

Petitioner,

-against-

STACIE BENNET,

Respondent.

26-CV-4177 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Murray Adonus Hawkins, who is currently incarcerated at Wyoming Correctional Facility in Attica, New York, brings this *pro se* petition for a writ of *habeas corpus* in which he challenges the constitutionality of his 2026 conviction in the Supreme Court of the State of New York, Queens County. Because Petitioner was convicted and sentenced in Queens County, which is located in the Eastern District of New York, *see* 28 U.S.C. § 112(c), and because the petition challenges the legality of his Queens County conviction and seeks its vacatur, the Court transfers this action, under 28 U.S.C. § 2241(d) and Local Civil Rule 83.3, to the United States District Court for the Eastern District of New York.[1] *See* 28 U.S.C. § 1631.

**CONCLUSION**

Accordingly, the Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. §§ 1361, 2241(d); Local

[1] Petitioner relies on 28 U.S.C. § 2241, which is not the appropriate procedural vehicle for a convicted state prisoner to challenge the constitutionality of imposition or execution of his state court judgment of conviction. Rather, the appropriate procedural device is a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. *See James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). This Court leaves for the transferee court to assess whether this action should be construed as arising under Section 2254, *see Cook v. New York State Div. of Parole*, 321 F.3d 274, 282 (2d Cir. 2003), and, if so, whether Petitioner exhausted his state-court remedies before commencing this action, *see* 28 U.S.C. § 2254(b)(1)(A).

Civil Rule 83.3. Whether Petitioner may be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this action in this court.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 18, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge